IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

Civil Action No. 5:22-cv-123

| | |
|---|---|
| SARAH PERKINS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) **NOTICE OF REMOVAL** |
| THE NEW YORK TIMES COMPANY, d/b/a *THE NEW YORK TIMES*, | ) ) ) |
| Defendant. | ) ) |

Defendant The New York Times Company ("The Times"), through its undersigned counsel and pursuant to 28 U.S.C. §§ 1441 and 1446, hereby gives Notice of Removal of the above-referenced action from the Wake County, North Carolina Superior Court to the United States District Court for the Eastern District of North Carolina, Western Division. The removal of this civil action is proper because:

1. On February 23, 2022, Plaintiff Sarah Perkins filed a putative class action against The Times in Wake County Superior Court, styled *Sarah Perkins v. The New York Times Company, d/b/a The New York Times* and bearing File No. 22-CVS-2292. True and correct copies of all proceedings in state court are attached hereto as **Exhibits A and B** and incorporated herein. *See* 28 U.S.C. § 1446.

2. The Times was served with a copy of the Complaint on or about March 8, 2022. This notice of removal is timely filed within thirty (30) days from the date of service of the initial pleading. *See* 28 U.S.C. §1446(b).

3. The jurisdiction of this Court over this case is proper under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), because the action was pleaded as a class action with more than 100 putative members; there exists minimal diversity among all properly joined and served parties; and the amount in controversy—based on Plaintiff's allegations—exceeds $5,000,000, exclusive of interest and costs.[1]  *See* 28 U.S.C. § 1332(d).

4. There is diversity of citizenship between Plaintiff and The Times because:

    a. Plaintiff is a North Carolina resident.  *See* Complaint ¶ 10.

    b. The Times is a corporation organized under New York law and with a principal place of business in New York.  *See* Complaint ¶ 11.

5. Although The Times does not concede that Plaintiff is entitled to any damages or injunctive relief, or that class certification is appropriate, Plaintiff's allegations show that the amount in controversy requirement of 28 U.S.C. § 1332(d)(2) and the numerosity requirement of 28 U.S.C.§ 1332(d)(5)(B) are both met here.  *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) ("[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.").

6. Plaintiff has alleged a putative class of "at least tens of thousands of consumers throughout North Carolina," far exceeding the 100 members required under 28 U.S.C. § 1332(d)(5)(B).  Complaint ¶ 42.

7. Under CAFA, "the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000."  28 U.S.C. § 1332(d)(6).

---

[1] By removing this action to the Court, Defendants do not waive, and expressly reserve, any and all defenses, objections, or motions available under state or federal law, including but not limited to the right to dispute jurisdiction.

8.      Plaintiff brings putative class claims for: (i) alleged violations of N.C.G.S § 75-41's requirements regarding contracts that automatically renew; (ii) unfair and deceptive trade practices; and (iii) unjust enrichment. Plaintiff specifically claims that she was harmed by paying $136 in subscription renewal charges. Complaint ¶ 39. She seeks similar damages for the absent class members. *See*, *e.g.*, *id.* ¶ 55. She also seeks the same amounts through theories of disgorgement and restitution. *See id.* ¶ 69.

9.      Plaintiff also seeks attorneys' fees and treble damages pursuant to N.C.G.S. § 75-16. *See id.* ¶ 62; *id.* Prayer for Relief ¶¶ D, H. Both treble damages and attorneys' fees may be considered in determining whether the amount in controversy requirement is met. *See, e.g.*, *Rosen v. Chrysler Corp.*, 205 F.3d 918, 922 (6th Cir. 2000) (treble damages are to be considered); *Gordon v. Nat'l Bus. Consultants, Inc.*, 856 F.2d 186 (4th Cir. 1988) (Table) (treble damages pursuant to North Carolina unfair trade practices statute considered); *Aikens v. Microsoft Corp.*, 159 F. App'x 471, 475 (4th Cir. 2005) (attorneys' fees considered); *Respess v. Crop Production Servs., Inc.*, No. 4:15-CV-00176-BR, 2016 WL 3821163, at *2–3 (E.D.N.C. July 13, 2016) (considering treble damages under North Carolina's unfair trade practices statute and a plausible estimate of attorneys' fees in determining amount in controversy).

10.     Plaintiff has alleged that her claims are typical of the class. *See* Complaint ¶ 45. If trebled, Plaintiff's alleged $136 in compensatory damages equals $408. Under the reasonable assumption that Plaintiff's alleged damages reflect the average damages of the class, a class size of 12,255 class members would satisfy CAFA's $5 million amount-in-controversy requirement. *See*, *e.g.*, *Frederico v. Home Depot*, 507 F.3d 188, 197–99 (3d Cir. 2007) (accepting that the plaintiff's alleged damages reflected the average damages of each member of the putative class and using that amount to calculate amount in controversy under CAFA). And Plaintiff alleges

that she seeks to represent a class of "at least tens of thousands"—in other words, at least 20,000—members, yielding an amount-in-controversy that exceeds $5 million (even without accounting for attorneys' fees).

11. This Court is the proper venue for this action because the Superior Court of Wake County, North Carolina is within the Eastern District of North Carolina, Western Division.

12. The Complaint contains a demand for a jury trial. *See* Complaint at 24 (Jury Demand).

13. A copy of this Notice of Removal is being filed concurrently with the Clerk of the Wake County Superior Court, in Wake County, North Carolina, together with notice to all parties to this action.

**WHEREFORE**, The Times prays that the above-referenced action now pending in the General Court of Justice, Superior Court Division for Wake County, North Carolina, Case No. 22-CVS-2292, be removed therefrom in its entirety to this Court, and, pursuant to 28 U.S.C. § 1446, that the Wake County Superior Court proceed no further unless and until the case is remanded.

Respectfully submitted this 4th day of April, 2022.

/s/ Stephen V. Carey
Stephen V. Carey
N.C. State Bar No. 52791
PARKER POE ADAMS & BERNSTEIN LLP
301 Fayetteville Street, Suite 1400
Raleigh, North Carolina 27601
Telephone: (919) 835-4011
Facsimile: (919) 834-4564
Email: stevecarey@parkerpoe.com

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing **NOTICE OF REMOVAL** was electronically filed with the Clerk of Court using the CM/ECF system and a copy was served upon counsel for all parties to this action via U.S. Mail, first class postage prepaid, addressed as follows:

> Daniel K. Bryson
> James R. DeMay
> J. Hunter Bryson
> Milberg Coleman Bryson Phillips Grossman, PLLC
> 900 W. Morgan Street
> Raleigh, NC 27603
> dbryson@milberg.com
> jdemay@milberg.com
> hbryson@milberg.com
>
> Nick Suciu III
> Milberg Coleman Bryson Phillips Grossman, PLLC
> 6905 Telegraph Road, Suite 115
> Bloomfield Hills, MI 48301
> nsuciu@milberg.com
>
> *Counsel for Plaintiff*

This 4th day of April, 2022.

> /s/ Stephen V. Carey
> Stephen V. Carey
> N.C. State Bar No. 52791
> PARKER POE ADAMS & BERNSTEIN LLP
> 301 Fayetteville Street, Suite 1400
> Raleigh, North Carolina 27601
> Telephone: (919) 835-4011
> Facsimile: (919) 834-4564
> Email: stevecarey@parkerpoe.com
>
> *Counsel for Defendant*